William A. EVANS, Plaintiff–Appellant,

v.

**ILLINOIS DEPARTMENT OF CORRECTIONS, Defendant–Appellee,**

Aaron B. SCRUGGS, Plaintiff–Appellant,

v.

**Edward COHN, et al., Defendants–Appellees.**

Nos. 98–1461, 98–2050.

United States Court of Appeals, Seventh Circuit.

Argued July 13, 1998.

Decided Aug. 5, 1998.

William A. Evans, Menard, IL (submitted on briefs), for Plaintiff–Appellant in No. 98–1461.

Aaron B. Scruggs (submitted on briefs), Westville, IN, for Plaintiff–Appellant in No. 98–2050.

Jeffrey A. Modisett, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees in No. 98–2050.

Before CUMMINGS, ROVNER and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

■ We have consolidated for consideration and decision two cases to specify what information district courts must include in orders denying leave to proceed in *forma pauperis* because the prisoner has accrued "three strikes" under the Prison Litigation Reform Act of 1996 (PLRA), Pub.L. 104–134, Title VIII, 110 Stat. 1321. Under the PLRA, a prisoner may not bring a civil action or appeal a civil judgment in *forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three strikes under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the PLRA's enactment. *See Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir.1996). On appeal, we review de novo a district court's three-strike determination. *See Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir.1998).

In the first of the consolidated cases, *Evans v. Illinois Dep't of Corrections*, No. 98–1461, the district court denied leave to proceed in forma pauperis because Evans previously had three or more actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Additionally, the district court noted three separate examples: *Evans Bey v. Washington*, 96–666-JPG; *Evans Bey v. Hartwig*, 97–191–WDS; and *Evans Bey v. Hartwig*, 97–241–WLB.

This was sufficient to put Evans on notice as to what the district court considered when denying his request to proceed *in forma pauperis.* Having been notified, Evans bore the burden of showing that the district court incorrectly assessed his litigation history. However, in his Rule 24 motion, Evans does not dispute that he has accumulated three strikes and, therefore, we will not reevaluate the district court's conclusion. Because Evans has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, we deny his request to proceed *in forma pauperis* on appeal. Evans has 14 days to pay the full $105 filing fee or his appeal will be dismissed for failure to pay the filing fee. *See Newlin v. Helman,* 123 F.3d 429, 433–34 (7th Cir.), *cert. denied by Robinson v. Smith,* —— U.S. ——, 118 S.Ct. 707, 139 L.Ed.2d 649 (1998).

In the second of the consolidated cases, *Scruggs v. Cohn,* No. 98–2050, the district court determined that Scruggs was prohibited under § 1915(g) from proceeding in forma pauperis on appeal but did not specify which cases it relied on when making that determination. Without this information, Scruggs did not have an adequate opportunity to contest the district court's three-strike determination. Accordingly, this case is remanded for the limited purpose of requiring the district court to identify the cases it relied on when it determined that Scruggs had accumulated "three strikes." Scruggs may then reapply for leave to proceed in forma pauperis with this court. If the prisoner does not contest the district court's conclusions regarding his or her litigation history, we shall conclude that the district court was correct and deny leave to proceed in forma pauperis.

██ The requirement that district courts identify the cases found to constitute strikes should not be overly burdensome given the fact that the district court must review a prisoner's litigation history prior to ruling on the prisoner's request to proceed *in forma pauperis.* Consequently, we hold that in the order denying leave to proceed *in forma pauperis* the district court must cite specifically the case names, case docket numbers, districts in which the actions were filed, and the dates of the orders dismissing the actions.

In summary, in appeal No. 98–1461 leave to proceed on appeal *in forma paupers* is DENIED and Evans has 14 days to pay the $105 filing fee or his case will be dismissed. Appeal No. 98–2050 is REMANDED for the limited purpose of requiring the district court to identify the cases it concluded constituted Scruggs's "three strikes."