Thomas SLOAN, Plaintiff–Appellant,

v.

Lawrence LESZA, et al., Defendants–Appellees.

No. 97–2428.

United States Court of Appeals, Seventh Circuit.

Submitted June 8, 1999.

Decided June 24, 1999.

Thomas Sloan (submitted), Mt. Sterling, IL, Plaintiff–Appellant Pro Se.

Daniel P. Field (submitted), Waukegan, IL, for Defendants–Appellees.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thomas Sloan is responsible for many more than three frivolous actions. Three years ago a district judge counted ten and concluded that Sloan had "struck out." *Sloan v. Kessler*, 1996 WL 364742 (N.D.Ill.1996). Two other district judges have reached the same conclusion. See *Sloan v. Boster*, 1997 WL 223066 (N.D.Ill.1997); *Sloan v. Wittenborne*, 1997 WL 359987 (N.D.Ill.1997). Sloan did not appeal from any of these three decisions. The application of § 1915(g) to Sloan is thus established.

Nonetheless, Sloan continues to file lawsuits, and some judges, unaware of his history of frivolous litigation, have permitted him to proceed *in forma pauperis*. The district judge allowed Sloan to proceed *in forma pauperis* in this case before § 1915(g) was enacted in 1996, a proper step, but the new law applies to his appeal, filed after the new statute's effective date. *Abdul–Wadood v. Nathan*, 91 F.3d 1023 (7th Cir.1996). Yet the district court permitted Sloan to proceed *in forma pauperis* on appeal. See 1998 U.S. Dist. LEXIS 2443, 4653. That the judge who issued these orders also held in *Wittenborne*, a year earlier, that Sloan is barred by § 1915(g) from litigating without full prepayment, shows the difficulty of administering the statute when dockets teem with frivolous suits. The federal judiciary needs (but lacks) a central database of litigants to whom § 1915(g) applies. Now we must decide what to do when a litigant who must prepay all fees ignores § 1915(g), and the district judge does not enforce it.

The answer is given by § 1915(g) itself: "In no event shall a prisoner *bring* a civil action or appeal" (emphasis added) if he has filed three frivolous actions or appeals. Sloan is not simply disentitled to appeal without prepayment; this appeal itself violates § 1915(g). In another opinion released today, *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, we hold that statutes in the form "no suit shall be brought if (or unless) some circumstance obtains" should be taken at face value, and if the condition has not been satisfied the action must be dismissed. This is how the Supreme Court treated similar statutes in *Hallstrom v. Tillamook County*, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), and *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Its approach is no less applicable to § 1915(g).

Because Sloan, who is covered by § 1915(g), brought this appeal without prepaying the docket fee, the appeal must be dismissed. Payment of the docket fee, or a proper grant of *forma pauperis* status, is a precondition to appellate litigation.

Here payment is required and has not been made. We are not at all disposed to give Sloan extra time to pay. He committed a fraud on the federal judiciary by seeking and obtaining permission to appeal *in forma pauperis* without revealing that he has already been held to be covered by § 1915(g). (Sloan does not contend that he "is under imminent danger of serious physical injury.") A litigant who follows frivolous litigation with fraud has no claim to a tender reception.

Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman,* 123 F.3d 429, 436–37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be re-examined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995).