**Herbert R. SMITH, Petitioner–Appellant,**

v.

**Doug SAPP, et al., Respondents–Appellees.**

No. 02–5321.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2002.

Before NORRIS and CLAY, Circuit Judges; O'MEARA, District Judge.*

Herbert R. Smith, a pro se Kentucky state prisoner, appeals a district court judgment dismissing his civil rights action initially brought in the state court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

Seeking monetary damages, a declaratory judgment, and injunctive relief, Smith brought suit in Lyon Circuit Court (Ky.) claiming that numerous officers and employees of the Kentucky State Penitentiary violated his Eighth and Fourteenth Amendment rights by not providing him with dentures at state expense. Thereafter, Smith filed a pro se notice of removal of his suit and an application to proceed without prepayment of fees and an affidavit of poverty.

Inasmuch as Smith had at least three prior cases in the district court that were dismissed as frivolous or for failure to state a claim, the district court determined that Smith was required to pay the filing fee pursuant to 28 U.S.C. § 1915(g), and ordered Smith to pay within thirty days. Smith did not remit the filing fee, and the district court dismissed the case. Smith appeals that judgment.

On appeal, Smith contends that: 1) the district court erred in applying § 1915(g) to his case; 2) he is in imminent danger of serious physical injury; and 3) section 1915(g) is unconstitutional.

The district court's determination that at least three suits were dismissed as frivolous is reviewed de novo. *See Evans v. Illinois Dep't of Corrections,* 150 F.3d 810, 811 (7th Cir.1998).

To the extent that Smith argues that § 1915(g) is unconstitutional, his argument has already been considered and rejected by this court. *See Wilson v. Yaklich,* 148 F.3d 596, 604–06 (6th Cir.1998). Under the Prison Litigation Reform Act (PLRA), the district court shall deny a prisoner's request for leave to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, or malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g). Dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the "three strikes" referred to in § 1915(g). *Wilson,* 148 F.3d at 604. Smith does not dispute that he has had at least three previous suits dismissed as frivolous or for failure to state a claim for relief.

Smith also has not alleged any facts to establish that he was in imminent danger of serious physical injury when he filed the instant complaint, and thus he does not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis in light of his three prior frivolity dismissals. Smith contends that his lack of teeth makes eating certain foods impossible or extremely difficult, which necessarily implies adverse health consequences. The record reveals that Smith had his teeth extracted in 1975, he was paroled in 1981, and returned to prison in 1994. Thus, there is no indication whatsoever that Smith is in imminent danger. He has been toothless for twenty-seven years, and he apparently suffered no adverse health consequences during the thirteen years he lived outside of the prison system.

Because Smith's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.