NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

Submitted July 18, 2007[*]
Decided July 19, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-4054

| | |
|---|---|
| THOMAS L. BATES<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>UNITED STATES OF AMERICA,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division<br><br>No. 2:06-CV-228-RLY-WGH<br><br>Richard L. Young,<br>*Judge.* |

**O R D E R**

Thomas Bates, a federal prisoner, filed a lengthy complaint claiming that government officials infringed his constitutional rights and violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-66, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5.  The

---

[*]The government notified this court that it was not served with process in the district court and would not be filing a brief or otherwise participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

district court denied his request to proceed *in forma pauperis* on the ground that he has accumulated three strikes, *see* 28 U.S.C. § 1915(g), and ultimately dismissed the suit when Bates failed to pay the filing fee. Bates appeals from that dismissal.

Because the district court specified the cases that it considered strikes, Bates now has the burden of showing that one or another of those cases was wrongly counted. *See Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811-12 (7th Cir. 1998). Yet he makes no argument in his 27-page appellate brief that any of the three cases cited by the district court should not have counted as a strike. He does not even mention the district court's conclusion that he has three strikes. Instead he argues the merits of his present lawsuit. Furthermore, our review of Bates's litigation history satisfies us that Bates has in fact struck out.

For these reasons, the district court's decision is AFFIRMED.