In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 07-2920 & 08-1448

VINCENT L. AMMONS,

*Plaintiff-Appellant,*

*v.*

BRUCE GERLINGER, *et al.*,

*Defendants-Appellees.*

Appeals from the United States District Court
for the Western District of Wisconsin.
No. 3:06-cv-00020-bbc—**Barbara B. Crabb**, *Chief Judge.*

SUBMITTED OCTOBER 2, 2008—DECIDED OCTOBER 27, 2008

Before EASTERBROOK, *Chief Judge*, and WILLIAMS and SYKES, *Circuit Judges*.

PER CURIAM. Vincent Ammons, a felon serving time in Wisconsin, sued several of his prison's staff members under 42 U.S.C. §1983. He proposed to litigate without prepaying fees or costs, but the district court denied that request because he has at least three frivolous suits or appeals to his credit. 28 U.S.C. §1915(g). He then paid the filing fee. The district court entered summary judgment for the defendants, and Ammons filed a notice of appeal but did not pay the required appellate fees.

For unexplained reasons, the district court deemed the notice of appeal to include a request for leave to proceed *in forma pauperis*. Having already decided that Ammons is statutorily ineligible for that privilege unless under imminent danger of serious physical injury, the only exception to §1915(g), the district judge should not have reopened this subject. Then, again without explanation, the district judge authorized Ammons to litigate his appeal without prepaying the fees and directed him to submit a certified copy of his trust account so that a partial fee could be assessed under §1915(a)(2). He complied without alerting the judge to her error and has accepted a benefit to which he knows he is not entitled.

Because Ammons has a history of frivolous suits and appeals, he must prepay all fees unless in imminent physical danger—which he is not. (For samples of his frivolous litigation, see *Ammons v. Radtke*, No. 96-1100 (7th Cir. Sept. 5, 1996); *Ammons v. Poliak*, No. 95-2069 (7th Cir. July 5, 1995); *Ammons v. Fitzpatrick*, No. 94-C-806 (E.D. Wis. July 28, 1994); *Ammons v. Ames*, No. 94-C-0264 (E.D. Wis. Mar. 15, 1994).) His effort to take advantage of the district court's obvious error—obvious because the judge had already told Ammons in this very suit that §1915(g) requires payment—was deceptive if not fraudulent. A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact. See *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999). Ammons did not do that at the outset, and later he took advantage of the district court's oversight. We enforce §1915(g) by terminating this appeal—not

only for lack of payment but also as a sanction for misconduct. See *Campbell v. Clarke*, 481 F.3d 967 (7th Cir. 2007).

Filing fees remain due. The fee for each notice of appeal is $455, and Ammons's prison has so far remitted $42.83 toward that sum for his initial appeal. We say "initial" appeal because he has filed two. Six months after the district court entered judgment for the defendants, Ammons filed a motion under Fed. R. Civ. P. 60(b) asking the court to reopen its decision. When that motion was denied, Ammons filed another appeal. He proposed to have it treated as an amendment to the initial notice of appeal, but this court's clerk docketed it as a second appeal and directed the district court to access and collect the required fees. The district judge determined that no further fee is required. That was another mistake, and we publish this opinion to make clear that a fee is due when a litigant appeals from an adverse decision on a Rule 60(b) motion.

One fee is due for each notice of appeal. See Fed. R. App. P. 3(e). Ammons can avoid paying a second fee only if the initial notice of appeal can be amended to contest the order denying the Rule 60(b) motion, for "[n]o additional fee is required to file an amended notice [of appeal]." Fed. R. App. P. 4(a)(4)(B)(iii). A notice of appeal may be amended within the time allowed for appeal. Rule 4(a)(4)(A) extends that time for specified motions that suspend a judgment's finality. If an appeal is filed before such a motion has been resolved, then it may be amended after the motion is denied. Fed. R. App. P. 4(a)(4)(B)(ii).

A motion under Rule 60 is on the list in Rule 4(a)(4)(A)—but only when "filed no later than 10 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). The idea behind this subsection is that a motion nominally under Rule 60, but made within the time available for a motion under Rule 50, 52, 54, or 59, should be treated the same as one of those motions (all of which *must* be filed within 10 days, or not at all) no matter what its caption. A Rule 60 motion filed after 10 days, however, does not affect the time to appeal, and whether the district court grants or denies that motion a separate notice of appeal is required if a litigant adversely affected by the decision wants appellate review. See *Martinez v. Chicago*, 499 F.3d 721, 727 (7th Cir. 2007); *SEC v. Van Waeyenberghe*, 284 F.3d 812, 814 (7th Cir. 2002).

Ammons's Rule 60 motion was filed more than 10 business days after the judgment. Rule 4(a)(4)(B)(ii) therefore did not allow him to amend his original notice of appeal to include a challenge to the district court's order denying his motion. That order was independently appealable, and a second notice of appeal—and hence a second fee—was essential.

*Newlin v. Helman*, 123 F.3d 429, 436–37 (7th Cir. 1997), holds that, when a prisoner who is subject to §1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid. Ammons paid the filing fee for the suit in the district court, but he owes $867.17 for his two ap-

peals. Until that sum has been received, clerks of court will return any papers that Ammons submits (other than any collateral attacks under 28 U.S.C. §2254 on his imprisonment). Cf. *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

The appeals are dismissed, and a *Newlin* order will be entered.