NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2008[*]
Decided December 5, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2581

| | |
|---|---|
| TAYR K. AL GHASHIYAH, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07-cv-308-bbc |
| MATTHEW J. FRANK, et al., | |
| *Defendants-Appellees.* | Barbara B. Crabb, |
| | *Chief Judge.* |

**O R D E R**

Tayr al Ghashiyah, a Wisconsin inmate formerly known as John Casteel, sued the secretary and several employees of the Wisconsin Department of Corrections under 42 U.S.C. § 1983. The district court allowed al Ghashiyah to proceed *in forma pauperis*, but later realized that his prior frivolous lawsuits made him statutorily ineligible to litigate without prepayment of fees, *see* 28 U.S.C. § 1915(g). *Ghashryah v. Frank*, No. 07-C-308, 2007 U.S. Dist. LEXIS 93874, at *6 (W.D. Wis. Dec. 18, 2007). The court allowed al Ghashiyah to continue *in forma pauperis* anyway, but warned him that he had "struck out" under § 1915(g) and would

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

have to prepay the fees in any additional lawsuits he filed. *Id.* at *6-9. Al Ghashiyah ignored the warning; he once again sought pauper status on appeal and, in error, the district court granted his motion.

A prisoner who has filed at least three suits or appeals that are frivolous, malicious, or fail to state a claim must prepay all fees unless in imminent physical danger. 28 U.S.C. § 1915(g); *see Ammons v. Gerlinger*, Nos. 07-2920 & 08-1448, 2008 U.S. App. LEXIS 22297, at *2 (7th Cir. Oct. 27, 2008). Al Ghashiyah has a long history of litigating frivolous claims. *See Ghashiyah v. Litscher*, No. 07-3670, 2008 U.S. App. LEXIS 10729, at *9-11 (7th Cir. May 14, 2008); *Ghashiyah v. Litscher*, No. 03-C-839, 2004 U.S. Dist. LEXIS 30703 (E.D. Wis. Jan. 16, 2004), *aff'd*, *Ghashiyah v. Wis. Parole Comm'n*, No. 06-3677, 2007 U.S. App. LEXIS 18034 (7th Cir. July 26, 2007); *Jones v. Borgen*, No. 89-1426, 902 F.2d 37 (7th Cir. March 30, 1989); *see also Ghashiyah v. Frank*, No. 04-C-0176 (E.D. Wis. Aug. 23, 2008) (finding that al Ghashiyah has at least three strikes under § 1915(g)). That the district court erroneously granted al Ghashiyah pauper status—after previously telling him he was ineligible—does not exempt him from § 1915(g); we dismiss the appeal of any litigant who seeks to proceed *in forma pauperis* after being told by a federal judge that he is ineligible to do so. *See Ammons*, 2008 U.S. App. LEXIS 22297, at *2-3; *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Accordingly, this appeal is dismissed, but that does not excuse al Ghashiyah from paying the appellate fees of $455. *See Campbell v. Clarke*, 481 F.3d 967, 970 (7th Cir. 2007). Al Ghashiyah has ten days from the date of this order to pay that amount plus any other outstanding fees he owes. If he fails to do so, we will enter an order directing the clerks of all federal courts in this circuit to return unfiled all papers he submits until the fees are paid. *See Ammons*, 2008 U.S. App. LEXIS 22297, at *5-6; *Support Sys. Int'l v. Mack*, 45 F.3d 185, 187 (7th Cir. 1995) (per curiam).

DISMISSED.