<div style="border:1px solid">

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

</div>

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2012[*]
Decided July 26, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2421

| | |
|---|---|
| HERMAN L. NITZ, JR., | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 11-1143 |
| | |
| JAMES A. HALL, et al., | James E. Shadid, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Herman Nitz, an Illinois prisoner, appeals from the dismissal of his complaint filed under 42 U.S.C. §§ 1983 and 1985, alleging denial of access to the courts. We affirm.

In his amended complaint, Nitz alleged that employees of the Illinois River Correctional Center and Illinois Department of Corrections violated his due process rights under the Fourteenth Amendment when they confiscated DVDs that had been mailed to

---

[*] The defendants were not served in the district court and are not participating in this appeal. Therefore the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

him by his former appointed counsel in *Nitz v. Doe*, No. 08-cv-0334 (N.D. Ill. Jan. 15, 2008), a civil case in which he was now proceeding pro se. Nitz alleged that the prison employees had opened, outside of his presence, his legal mail (clearly labeled as such, he says) including legal documents and at least four DVDs depicting video surveillance related to his criminal cases. According to the complaint, Nitz informed prison employees that he needed the DVDs to proceed in the pending litigation, but the employees took the DVDs as contraband and refused to provide accurate "shakedown slips" inventorying the number of DVDs taken. As a result of the employees' actions, Nitz says, his petition for review of his state criminal conviction was denied, *see People v. Nitz*, No. 11-1456, 943 N.E.2d 1106 (Ill. 2011); his civil case in *Nitz v. Harvey*, No. 09-cv-0015 (N.D. Ill. July 27, 2009), was dismissed; summary judgment was granted for two defendants in *Nitz v. Doe*, No. 08-cv-0334 (N.D. Ill. Nov. 18 and 22, 2010); and his social security disability appeal was denied. He further alleged that prison employees intentionally "messed up" legal copies by copying only one side of two-sided documents and refused to provide him with the original materials; that prison grievance officers "refused to investigate" grievances he had filed against prison library staff; and that his former parole officer thwarted his success in his criminal and civil cases by neither testifying on his behalf nor providing exculpatory evidence. Nitz requested access to an unidentified "original source" of the DVDs.

At screening, the district court dismissed Nitz's complaint for failure to state a claim, *see* 28 U.S.C. § 1915A(b)(1). According to the court, Nitz's allegations regarding the confiscation of his legal materials did not state a claim because he did not allege prejudice; he did not allege that he had been prevented from pursuing nonfrivolous claims in any of his pending lawsuits. As for the claim at the center of this appeal—the denial of due process resulting from the confiscation of legal materials in *Nitz v. Doe*—the court determined that there was no injury because the DVDs were irrelevant to the dismissal of the two defendants in that case—a police detective who, Nitz claimed, retaliated against him for filing a prior lawsuit; and the City of Wheaton, which was said to have had a practice of permitting its police officers to use excessive force. Nitz's remaining allegations, the court concluded, did not state claims of constitutional violations. In dismissing Nitz's complaint, the court imposed one "strike," *id.* § 1915(g). The court also dismissed Nitz's claim against the parole officer without prejudice due to improper venue, *id.* § 1391(b).

On appeal, Nitz primarily challenges the district court's conclusion that he did not adequately allege harm from the confiscation of legal materials as they pertained to his suit in *Nitz v. Doe* against the police detective and the City of Wheaton. Without these materials, he asserts generally, he was "prevented" from pursuing arguments that "would have caused him to prevail" at summary judgment.

We agree with the district court that Nitz's complaint failed to state a denial-of-access claim. To state such a claim, Nitz had to allege an actual injury, *Lewis v. Casey*, 518 U.S. 343, 353 (1996)—in other words, explaining "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). He alleged that the prison prevented him from effectively litigating actions that were pending, but the right of access protects prisoners from "being shut out of court," *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); it does not exist to "enable the prisoners . . . to *litigate effectively* once in court," *Lewis*, 518 U.S. at 354 (emphasis in original); *see Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *accord Williams v. Hobbs*, 658 F.3d 842, 852 (8th Cir. 2011). Because Nitz never alleged that confiscation of legal materials hindered his ability to bring suit against the police detective and the City of Wheaton, the district court properly dismissed his denial-of-access claim.

Nitz has now accrued at least three strikes under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g): one for the dismissal of his complaint in *Nitz v. Birkette*, No. 11-C-0044, 2011 WL 893035 (N.D. Ill. Mar. 11, 2011); a second for the dismissal of his complaint in this case, *Nitz v. Hall*, No. 11-1143 (N.D. Ill. June 16, 2011); and a third for this frivolous appeal, *see Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997). Accordingly, he is barred from bringing civil suits in forma pauperis. In any future civil action, he must alert the court to his three-strike status and prepay all filing fees unless he can demonstrate, at the time of filing, that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008).

The judgment is AFFIRMED. Nitz's motion for leave to proceed in forma pauperis on appeal is DENIED. (We had provisionally granted his motion for leave to proceed in forma pauperis on appeal on the condition that he persuade us that the district court erred in imposing a strike below, *see Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010); he has failed to do so.) Now he must pay the full filing fee for this appeal.