NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012[*]
Decided October 18, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 12-1113

| | |
|---|---|
| WARREN E. PARKS, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
|     *v.* | No. 1:11-cv-01623-TWP-TAB |
| BUTLER COUNTY ADULT <br> PROBATION DEPARTMENT, et al., <br>     *Defendants-Appellees.* | Tanya Walton Pratt, <br> *Judge.* |

**O R D E R**

Warren Parks, an Indiana prisoner, appeals from the dismissal without prejudice of his civil rights complaint under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The provision prohibits a prisoner from filing a civil action in forma pauperis if he has, "on 3 or more prior occasions, . . . brought an action or appeal

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

. . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." *Id.* We affirm.

Parks sued Butler County's (Ohio) adult probation department under 42 U.S.C. § 1983, alleging constitutional violations in connection with delays in his being brought to trial on criminal charges. He moved at that time to proceed in forma pauperis. The district court denied this motion and dismissed the suit because Parks had already incurred three strikes. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). In reaching this conclusion, the court relied upon a prior order from another case in the Southern District of Indiana, which listed other dismissed suits of Parks's that counted as strikes. *See Parks v. State of Indiana*, 1:08-cv-0358 (S.D. Ind. Mar. 27, 2008) *citing Parks v. Hon. John Williams*, 1:07-cv-1463 (S.D. Ind. Nov. 19, 2007) (dismissed at screening under 28 U.S.C. § 1915A(b) for failure to state a claim)*; Parks v. Brookville I.G.A.*, 1:07-cv-1369 (S.D. Ind. Jan. 24, 2008) (same); *Parks v. Brookville I.G.A.*, 1:08-cv-0121 (S.D. Ind. Mar. 3, 2008) (same).

On appeal Parks disregards the instruction in our briefing order that he "address whether the orders relied on by the district court count as strikes," and focuses only on his detention. We have reviewed the cited decisions and agree with the district court that Parks has incurred strikes from at least three cases that were dismissed for failure to state a claim. In any future civil action, Parks must alert the court to his three-strike status and prepay all filing fees unless he can demonstrate, at the time of filing, that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008).

                                                                                                      AFFIRMED.