NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013[*]
Decided September 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1108

| | |
|---|---|
| JAMES MURRAY, a.k.a. JAMES HINES,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Terre Haute Division. |
|     *v.* | No. 2:11-cv-30-WTL-WGH |
| FEDERAL BUREAU OF PRISONS, et al.,<br>    *Defendants-Appellees*. | William T. Lawrence,<br>*Judge*. |

**O R D E R**

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

Inmate James Murray filed a lawsuit naming as defendants the Federal Bureau of Prisons and two government officials; he requested leave to litigate the action without prepaying fees. *See* 28 U.S.C. § 1915(a)(1). Murray did not reveal that he already had been told that he has "struck out" by pursuing frivolous litigation and thus is barred by § 1915(g) from proceeding in forma pauperis. *See Murray v. District of Columbia*, No. 03-7141, 2004 WL 595073 (D.C. Cir. Mar. 23, 2004). Unaware of Murray's ineligibility, the district court granted Murray's request, screened his complaint, and dismissed the suit for failure to state a claim. *See* 28 U.S.C. § 1915A(a), (b)(1).

Not only did Murray rack up yet another strike when his complaint was dismissed for failure to state a claim, *see id.* § 1915(g), he bamboozled the district court. The latter is grounds for terminating the appeal. *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Accordingly, the appeal is **DISMISSED**. Murray has 10 days from the date of this order to pay any outstanding fees he owes. If he fails to do so, we will enter an order directing the clerks of all courts in this circuit to return unfiled all papers (other than collateral attacks on his imprisonment) he submits until the fees are paid. *See Ammons*, 547 F.3d 724; *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997); *see also Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).