NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2014[*]
Decided May 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 14-1395

| | |
|---|---|
| DETERTORING SANDERS, <br>    *Plaintiff-Appellant*, <br><br>    *v.* <br><br> CITY OF CHICAGO, et al., <br>    *Defendants-Appellees*. | Appeal from the United States District <br> Court for the Northern District of Illinois, <br> Eastern Division. <br><br> No. 14 C 0344 <br><br> Amy J. St. Eve, <br> *Judge*. |

**O R D E R**

Illinois prisoner Detertoring Sanders submitted to the district court a civil-rights complaint along with a motion to proceed with that lawsuit in forma pauperis.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

*See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a)(1). (Sanders contends that the City of Chicago failed to preserve a video recorded from a surveillance camera operated by the police department; that video, Sanders speculates, would undermine his state conviction for a gun crime.) But Sanders did not tell the district court that, if he is not in imminent danger of serious physical injury, he cannot proceed in forma pauperis because he has accumulated three "strikes" for filing frivolous suits or appeals. *See* 28 U.S.C. § 1915(g). Sanders knows of this restriction because we had enforced it more than two years earlier when he tried to appeal in forma pauperis from the dismissal of another of his lawsuits. *See Sanders v. Weis*, No. 11-2161 (7th Cir. July 18, 2011). (One of the strikes we identified was incurred for a lawsuit raising substantially the same claim about the video recording. *Sanders v. Weis*, No. 11 C 1881 (N.D. Ill. May 3, 2011).) The district court discovered Sanders's deception and dismissed the action, as we had warned Sanders would happen.

Our previous order (which Sanders did not ask us to reconsider or seek to challenge in the Supreme Court) establishes that he has struck out. *See Sloan v. Lesza*, 181 F.3d 857, 858 (7th Cir. 1999); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). He was required to tell the district court as much, but instead he withheld the information, which was ground for dismissing the suit. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Sloan*, 181 F.3d at 859.

Accordingly, the order dismissing Sanders's lawsuit is AFFIRMED. Unless and until Sanders pays all outstanding fees and sanctions, the clerks of the federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by him or on his behalf. *See Ammons*, 547 F.3d at 726; *In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186–87. This order will be lifted immediately once Sanders makes full payment. *See In re Chicago*, 500 F.3d at 585–86. If Sanders, despite his best efforts, is unable to pay in full all outstanding fees and sanctions, no earlier than two years from the date of this order he is authorized to submit to this court a motion to modify or rescind this order. *See id.*; *Mack*, 45 F.3d at 186.