**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2016[*]
Decided June 30, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-2234

| | |
|---|---|
| MOSES RAMIREZ, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 C 7519 |
| JOHN A. BARSANTI, et al., *Defendants-Appellees*. | John Robert Blakey, *Judge*. |

**O R D E R**

Moses Ramirez, who is jailed in Kane County, Illinois, filed a lawsuit raising a number of unrelated claims against the county sheriff and others under 42 U.S.C. § 1983. The district court dismissed that complaint without prejudice, telling Ramirez that he could separate his claims and bring them in distinct lawsuits.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Ramirez did so, and in this action he alleges that the codefendant in what appears to be a pending prosecution for selling cocaine, *see Ramirez v. Illinois*, No. 16-C-5420 (N.D. Ill. dismissed June 6, 2016) (discussing state prosecution)**,** falsely testified against him in cahoots with the trial judge, the prosecutor, and even his own lawyer. Ramirez completed his complaint using a court-issued form, which ordered him (in all-caps boldface) to list "ALL lawsuits" that he had filed or risk dismissal of his case. Ramirez disclosed a single case, filed in Texas sometime around 2001, for which "all court papers have been destroyed" and the details of which he could no longer remember.

The district court took Ramirez at his word and granted leave to litigate the action without prepaying fees, *see* 28 U.S.C. § 1915(a), but then immediately dismissed the suit at screening, *see* 28 U.S.C. § 1915A.

A quick search, however, reveals Ramirez's long history of frivolous litigation.[1] Given that Ramirez already had accrued three "strikes" resulting from actions or appeals dismissed as frivolous or for failure to state a claim, he was barred under the Prison Litigation Reform Act from proceeding without prepayment of fees, *see* 28 U.S.C. § 1915(g). Yet not only did he rack up another strike when this complaint was dismissed, he deceived the district court and perpetrated a fraud on this court by falsely representing that he is eligible to proceed in forma pauperis. *See Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999).

A litigant who has accrued three strikes must alert the court to that fact and pay all filing and docketing fees; Ramirez's failure to disclose his litigation history is ground

---

[1] For a sampling of Ramirez's litigation history, *see*, *e.g.*, *Ramirez v. Secrease*, No. 3:96-CV-1806-H (N.D. Tex. July 1, 1998) (dismissed for failure to state a claim), *aff'd*, *Ramirez v. Secrease*, 174 F.3d 198 (5th Cir. 1999); *Ramirez v. United States*, No. Civ. A. 3:01-CV-0717N, 2004 WL 572359 (N.D. Tex. Mar. 22, 2004) (same); *Ramirez v. Bureau of Prisons*, No. 1:01cv763 (E.D. Tex. Sep. 27, 2002) (same). Ramirez also has two suits currently pending before the district court, *Ramirez v. Aramark*, No. 1:16-cv-01166 (N.D. Ill. filed Jan. 25, 2016), and *Ramirez v. Kay*, No. 1:15-cv-04787 (N.D. Ill. filed Apr. 27, 2015). Yet another complaint was recently dismissed on the ground that Ramirez improperly sought to challenge his pending state criminal proceedings through a federal civil rights lawsuit; in dismissing that suit, the district court noted that Ramirez has accrued *at least* six strikes. *Ramirez v. Illinois*, No. 16-C-5420 (N.D. Ill. dismissed June 6, 2016).

for immediately terminating this appeal as a sanction for misconduct. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008).

Accordingly, the appeal is DISMISSED. Ramirez has 14 days from the date of this order to pay the appellate fees of $505. We also will enter an order directing the clerks of all courts in this circuit to return unfiled all papers he submits (other than collateral attacks on his imprisonment) until all outstanding fees are paid. *See Ammons*, 547 F.3d 724; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).