**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2016[*]
Decided August 18, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2480

| | |
|---|---|
| JARVIS POSTLEWAITE, <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 14-cv-0839-MJR-SCW |
| STEPHEN DUNCAN, *et al.*, <br>     *Defendants-Appellees*. | Michael J. Reagan, <br> *Chief Judge*. |

**O R D E R**

Jarvis Postlewaite, an Illinois prisoner, brought this suit under 42 U.S.C. § 1983 alleging constitutionally deficient medical treatment. The district court granted summary judgment for the defendants, finding that Postlewaite had failed to exhaust his administrative remedies before suing. Because Postlewaite sought and obtained leave to proceed with this appeal knowing that he already had "struck out" under the Prison Litigation Reform Act, we dismiss the appeal.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In the year before filing his complaint in this litigation, Postlewaite had filed four other § 1983 suits, two of which had been dismissed and resulted in "strikes." *See Postlewaite v. Godinez*, No. 1:13-cv-06376 (N.D. Ill. Nov. 5, 2013) (dismissed for failure to state a claim); *Postlewaite v. Godinez*, No. 3:14-cv-00501 (S.D. Ill. June 26, 2014) (same). And by the time the district court granted summary judgment, Postlewaite had incurred a third strike.[1] *See Postlewaite v. Duncan*, No. 3:14-cv-01312 (S.D. Ill. Feb. 23, 2015) (dismissed for failure to state a claim). In each of these decisions, Postlewaite was told that he had incurred a strike, and in the last he was specifically told that he had struck out and thus no longer was eligible to litigate in federal court without prepaying all fees in full.

And yet when Postlewaite asked the district court for permission to proceed in forma pauperis in this appeal, he did not disclose his three strikes, which bar him from proceeding without prepayment of fees. *See* 28 U.S.C. § 1915(g). Apparently unaware that Postlewaite had struck out, the district court granted his request and assessed an initial partial filing fee of $4.52 (which he still has not paid). He deceived the district court and perpetrated a fraud on this court by falsely representing that he is eligible to proceed in forma pauperis. *See Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999). Postlewaite's failure to disclose his litigation history is grounds for immediately terminating this appeal as a sanction for misconduct. *See Hoskins v. Dart*, 633 F.3d 541, 543–44 (7th Cir. 2011); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008).

Accordingly, the appeal is DISMISSED. We will enter an order directing the clerks of all courts in this circuit to return unfiled all papers Postlewaite submits (other than collateral attacks on his imprisonment) until all outstanding fees (including the full appellate fees of $505 in this case) are paid. *See Sloan*, 181 F.3d at 859; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

---

[1] Since that time at least five more of Postlewaite's lawsuits have been dismissed. *See Postlewaite v. Tilden*, No. 1:15-cv-01405 (C.D. Ill. Feb. 3, 2016) (dismissed for failure to state a claim); *Postlewaite v. Tilden*, No. 1:16-cv-01087 (C.D. Ill. July 8, 2016) (dismissed as frivolous and malicious); *Postlewaite v. Todd*, No. 1:16-cv-01102 (C.D. Ill. July 12, 2016) (dismissed for committing fraud on the court); *Postlewaite v. Gennan*, No. 1:16-cv-01153 (C.D. Ill. July 12, 2016) (same); *Postlewaite v. Pierce*, No. 1:16-cv-01119 (C.D. Ill. July 14, 2016) (same).