**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016[*]
Decided October 28, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-1841

| | |
|---|---|
| MUSTAFA OZSUSAMLAR, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:11-cv-844-DGW |
| DAVID SZOKE, <br> *Defendant-Appellee*. | Donald G. Wilkerson, <br> *Magistrate Judge*. |

**O R D E R**

Mustafa Ozsusamlar, a federal prisoner, brought suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), contending that prison physician David Szoke violated the Eighth Amendment by deliberately withholding necessary medical treatment for a nasal infection, dental problems, an inguinal hernia, and kidney stones. A magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c), granted summary judgment for Szoke, reasoning that Ozsusamlar

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

had not introduced evidence from which a jury reasonably could conclude that Szoke's treatment was plainly deficient. Ozsusamlar has appealed that decision, but after the parties had filed their briefs we discovered that he sought and obtained leave to proceed with this appeal in forma pauperis despite knowing he was ineligible to do so because he already had accumulated three "strikes" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g). We thus dismiss his appeal.

Before Ozsusamlar brought this suit in September 2011, the Southern District of New York already had dismissed at least three of his civil cases for failure to state a claim. *See Ozsusamlar v. Tulman*, No. 1:08-cv-05824-KMW (S.D.N.Y. June 27, 2008) (dismissing complaint for failure to state claim and warning of consequences of accumulating three strikes); *Ozsusamlar v. Southwell*, No. 1:07-cv-05756-KMW (S.D.N.Y. June 18, 2007) (dismissing complaint for failure to state claim and for asserting claims against immune party), *appeal dismissed*, No. 07-5401-pr (2nd Cir. June 25, 2009) (dismissing appeal because it lacked "arguable basis in law or fact"); *Ozsusamlar v. Campanella*, No. 1:06-cv-5424-MBM (S.D.N.Y. July 18, 2006) (dismissing complaint "pursuant to 28 U.S.C. § 1915(e)(2)"); *see also Ozsusamlar v. Ponds*, 1:04-cv-02047-MBM (S.D.N.Y. Mar. 16, 2004) (explaining that complaint was being dismissed for lack of subject-matter jurisdiction, improper venue, and failure to state claim). But Ozsusamlar did not disclose these decisions when he applied to the district court for leave to proceed IFP against Dr. Szoke.

Then in 2013, while the action against Dr. Szoke was ongoing in the Southern District of Illinois, Ozsusamlar filed another civil-rights lawsuit in the Southern District of New York. *See Ozsusamlar v. Seidler*, 1:13-cv-08415-LAP (S.D.N.Y. Mar. 12, 2014). The district court ordered him to show cause why his IFP application should not be denied under 28 U.S.C. § 1915(g). The court explained that because Ozsusamlar already had accumulated at least three strikes he could not proceed unless he prepaid the full filing fee. Ozsusamlar responded that he could pay the fee in installments, but he did not dispute that he had accumulated three strikes. The district court dismissed the action in March 2014.

A year later the district court in Illinois entered summary judgment for Dr. Szoke. Ozsusamlar sought leave from the district court to proceed IFP on appeal, and, once again, he failed to disclose his three-strike status. The district court, still unaware of Ozsusamlar's litigation history, granted IFP.

Ozsusamlar perpetrated a fraud on the district court and this court by not disclosing his ineligibility to proceed IFP. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) ("A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact."); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999). This misconduct is grounds for immediately terminating this appeal. *See Hoskins v. Dart*, 633 F.3d 541, 543–44 (7th Cir. 2011); *Ammons*, 547 F.3d at 725.

Accordingly, we DISMISS the appeal. Ozsusamlar has 14 days from the date of this order to pay the appellate fees of $505. We also will enter an order directing the clerks of all courts in this circuit to return unfiled all papers he submits (other than collateral attacks on his imprisonment) until all outstanding fees are paid. *See Sloan*, 181 F.3d at 859; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).