**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 2, 2017[*]
Decided February 3, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-2697

| | |
|---|---|
| AARON ISBY-ISRAEL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
| *v.* | |
| | No. 2:13-cv-00172-WTL-DKL |
| BRUCE LEMMON, et al., | |
| *Defendants-Appellees*. | William T. Lawrence, |
| | *Judge*. |

**O R D E R**

   Aaron Isby-Israel, an Indiana inmate, filed this civil-rights suit contending that prison officials burdened his religious exercise by failing to serve him a kosher diet. See 42 U.S.C. § 1983. In the district court Isby-Israel asked to proceed in forma pauperis, see 28 U.S.C. § 1915(a)(1), even though he knew that he had already accumulated three "strikes" for filing frivolous suits or appeals. Not knowing about his restricted status, the district court granted his request for pauper status. The court allowed the case to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

proceed but ultimately granted the defendants' motion for summary judgment on the grounds that Isby-Israel receives the kosher meals that he requested and that qualified immunity precludes damages. Because Isby-Israel was required to tell the district court about his restricted status but did not, we dismiss this appeal.

Isby-Israel's restricted status meant that he had to pay the full filing fee upfront unless he asserted that he was in imminent physical danger, see *id.* at § 1915(g), which he did not. Isby-Israel knows of this restriction. We enforced it against him about two years ago when he tried to appeal in forma pauperis from the dismissal of another of his many suits. We wrote: "Aaron Isby-Israel has accumulated three strikes and has not shown that he is in imminent danger of serious physical injury. Isby-Israel shall pay the required docketing fee within 14 days, or else this appeal will be dismissed." See *Israel v. Brown*, No. 14-2168 (7th Cir. Sept. 17, 2014). He did not, and we dismissed the appeal.

Our order from the previous appeal means that a federal court has held that Isby-Israel has struck out. See *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). We are not the only court to advise him that his access to court is restricted. When Isby-Israel petitioned the Supreme Court for review of our dismissal of that earlier appeal, the Court in denying certiorari did so as well. It ruled that "the petitioner has repeatedly abused this Court's process," and that further petitions from Isby-Israel would not be accepted without full prepayment of docketing fees. See *Israel v. Brown*, 135 S. Ct. 2864 (2015). (A quick search reveals that Isby-Israel has repeatedly petitioned the Supreme Court for review of other circuits' dismissals of frivolous suits that he has brought against a federal judge from the Southern District of Indiana, see *Isby-Israel v. Young*, 135 S. Ct. 172 (2014) (denying certiorari to the Ninth Circuit); *Israel v. Young*, 127 S. Ct. 2108 (2007) (denying certiorari to the District of Columbia Circuit).)

Because he knew about our previous ruling, when he filed his current suit Isby-Israel was required to tell the district court that he had struck out. "A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). But instead he withheld the information. His omission was "deceptive." See *id.* We have previously dismissed appeals for such deception. See *id; Sloan*, 181 F.3d at 859. We do so here as well because his alleged burden on his religious practice could not possibly have put him in "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), the only potential exception to his restricted filing status. No conceivable ground existed for legitimately requesting pauper status in this case.

Accordingly, Isby-Israel's appeal is DISMISSED. He must pay the docketing fees for this suit both in this court and in the district court. If Isby-Israel does not pay all outstanding fees and sanctions within 30 days, the clerks of the federal courts in this circuit must return unfiled any papers submitted either directly or indirectly by him or on his behalf. See *Ammons*, 547 F.3d at 726; *In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases, for applications for writs of habeas corpus, and for currently pending appeals. See *Mack*, 45 F.3d at 186–87. This order will be lifted once Isby-Israel makes full payment. If, despite his best efforts, he is unable to pay in full all outstanding fees and sanctions, he is authorized to submit to this court a motion to modify or rescind this order no earlier than two years from today. See *id*.