NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2021[*]
Decided January 22, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20–2309

| | |
|---|---|
| ERIC D. CONNER, | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Western District of Wisconsin. |
| | |
| *v.* | No. 20-cv-531-bbc |
| | |
| JAMIE ADAMS, et al., | Barbara B. Crabb, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Eric Conner, a Wisconsin prisoner proceeding in forma pauperis, sued several correctional officers and nurses for failing to promptly treat his severe back pain. *See* 42 U.S.C. § 1983. At screening, *see* 28 U.S.C. § 1915A, the district court concluded that his allegations did not state a claim under the Eighth Amendment and dismissed the

---

[*] The appellees were not served with process in the district court and have not participated in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

complaint; the court assessed a "strike" under 28 U.S.C. § 1915(g). Conner filed a notice of appeal, and the district court authorized him to proceed in forma pauperis. But the court did not know—because Conner did not disclose—that he had recently incurred three strikes in other lawsuits, and in each was told by the court that he had incurred strikes. *See Conner v. Waterman*, 794 F. App'x 527, 529 (7th Cir. 2020) (one strike for frivolous suit and one for frivolous appeal); *Conner v. Schwenn*, No. 19-cv-921-bbc, 2020 WL 869220, at *8 (W.D. Wis. Feb. 21, 2020) (one strike for failure to state a claim), *aff'd*, 821 F. App'x 633 (7th Cir. 2020).

Because Conner had accrued at least three strikes before filing this appeal, the Prison Litigation Reform Act bars him from proceeding without prepayment of fees unless he is in "imminent danger of serious physical injury." *See* § 1915(g). His allegations, however, do not suggest that he faced any such danger (indeed, he acknowledged that he was seen and treated within two days of his complaints of pain). "A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). Conner failed to do so. This appeal is dismissed as a sanction for his misconduct, and he remains responsible for all fees due, both to this court and the district court. *See id.*; *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017). Per *Newlin v. Helman*, 123 F.3d 429, 436–37 (7th Cir.1997), Conner is barred from filing any civil suits in this circuit until he has paid all the fees he owes, from all of his suits, unless he meets the imminent-danger standard of § 1915(g).

DISMISSED