# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 07-2608

IN THE MATTER OF:

CITY OF CHICAGO

*Petitioner.*

Petition for a Writ of Mandamus to the
United States District Court for the
Northern District of Illinois, Eastern Division.

SUBMITTED AUGUST 1, 2007—DECIDED AUGUST 29, 2007

Before EASTERBROOK, *Chief Judge*, and FLAUM and EVANS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Prince Foryoh has filed many frivolous civil suits. Most have been pursued *in forma pauperis*, a status granted on the basis of representations that both a district judge and this court have concluded were designed to mislead. After losing these suits, Foryoh failed to pay the costs awarded against him.

Judicial patience has limits, and earlier this year this court directed Foryoh to pay what he owes, if he wishes to continue litigating. We reproduce here the order in *Foryoh v. Banas*, No. 06-3416 (7th Cir. Apr. 3, 2007). Although that order was non-precedential under Circuit Rule 32.1, we now give it precedential status and include it to avoid any need for readers to consult multiple documents. Here is the text of that order:

After he was convicted of harassment by telephone, see 135 ILCS 135/101, Prince Foryoh filed this suit under 42 U.S.C. §1983 against the officer who arrested him, contending that the officer lacked probable cause and employed excessive force. The district court initially permitted Foryoh to proceed *in forma pauperis* but later revoked that permission and dismissed the suit under 28 U.S.C. §1915(e)(2)(A) after concluding that Foryoh's financial affidavit was false.

In another of Foryoh's suits, his mother gave testimony to the effect that she provides about 90% of his support—including meals, car, college tuition, textbooks, and housing. Foryoh concedes that his mother has provided (and continues to provide) financial support but insists that she is extending loans rather than making gifts. That is not how his mother characterized things, but like the district judge we need not resolve this intra-familial dispute. Foryoh did not report the value of these "loans" on his affidavit and other filings. In response to a question whether he had received more than $200 from any source in the preceding year, Foryoh neglected to mention his mother's assistance. So his application for leave to proceed *in forma pauperis* had a material omission and may well have been perjurious.

Foryoh must pay the full filing and docket fees for both the complaint in the district court and the appeal taken to this court. Moreover, by attempting to deceive the district court he has forfeited the privilege of proceeding *in forma pauperis* in any case until he had paid, in full, all outstanding fees and costs for all of his lawsuits. (There are several others.) See *Campbell v. Clarke*, 481 F.3d 967 (7th Cir. 2007). Finally, for the reasons given in *Camp-*

*bell*, we will enter an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), to remain in force until all fees and costs, from all of Foryoh's federal suits, have been paid. In any application to this court to have the *Mack* order lifted, Foryoh must provide (under oath) a complete list of all of his federal suits and proof that all of his financial obligations with respect to these suits have been met.

Our reference to "another of Foryoh's suits" was to *Foryoh v. DeJesus*, No. 05 C 2341 (N.D. Ill.), where the falsehoods came to light during discovery after the district judge had allowed Foryoh to proceed *in forma pauperis* and had recruited counsel to represent him. When the deceit was discovered, the district judge revoked *forma pauperis* status but allowed Foryoh to continue litigating after he paid the filing fee. At the time of our decision in *Banas*, Foryoh had yet another suit pending, in which he has never paid the filing fee. *Foryoh v. Kelly*, No. 06 C 1226 (N.D. Ill.).

Our formal order issued on April 4 and reads:

On April 3, 2007, this court ordered Prince Foryoh to pay fees and costs from all of his federal suits.

Accordingly, IT IS ORDERED that the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by or on behalf of Prince Foryoh in this or any of his pending cases in this court or district courts unless and until he pays in full all fees and costs from all of his federal suits. *See Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In any application to this court to have this order lifted, Foryoh must provide (under oath) a complete list of all of his federal suits and proof that all of his financial

obligations with respect to these suits have been met. In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See id*. at 186-87.

IT IS FURTHER ORDERED that Prince Foryoh is authorized to submit to this court, no earlier than two years from the date of this order, a motion to modify or rescind this order.

Defendants in *DeJesus* and *Kelly* asked the district judges to dismiss these suits unless Foryoh paid the necessary fees and had this court lift the *Mack* order. The judges referred the subject to the court's Executive Committee, which concluded that Foryoh is entitled to continue litigating his pending suits notwithstanding our order. This led the City of Chicago, on behalf of the defendants (as its employees), to request clarification, and on July 11, 2007, we issued the following order:

On April 4, 2007, this court issued an order directing the clerks of every court within this circuit to return, unfiled, papers tendered by Prince Foryoh in all civil litigation, until he has satisfied all unpaid filing fees and sanctions. See *Foryoh v. Banas*, No. 06-3416, relying on *Support Systems International, Inc. v. Mac*k, 45 F.3d 185 (7th Cir. 1995), and *Campbell v. Clarke*, 481 F.3d 967 (7th Cir. 2007).

The City of Chicago, which represents not only Banas but also the defendants in other cases that Foryoh has filed, has asked us to "clarify" the order. No clarification is necessary. The order as written applies to all cases now pending or that Foryoh seeks to file in the future. The goal of the order is to prevent Foryoh from conducting *any* litigation until *all* fees and sanctions in *all* of his

suits have been collected. If there are good reasons to do otherwise, then the order should be modified—and on application to this court, rather than by a district judge.

The City represents that, notwithstanding our order, district judges are allowing Foryoh to conduct litigation that was on file when our order was issued. The City believes that this contradicts our order. This argument is in the nature of a request for mandamus. The "request for clarification" therefore will be docketed as a petition for a writ of mandamus.

Foryoh is given 14 days to show cause why a writ of mandamus should not issue. (The clerk is authorized to accept this response notwithstanding the order of April 4, 2007.) The district judges involved are invited to respond on the same schedule, if they so desire. See Fed. R. App. P. 21(b)(4). These responses may include, if Foryoh or the district judges think it appropriate, a request that this court modify the order of April 4, 2007. Counsel for the City of Chicago then will have 7 days to reply.

Both Foryoh and the Executive Committee have filed their responses, and Chicago has filed a reply.

The Executive Committee informs us that the explication provided by our order of July 11 will lead it to stay proceedings in Foryoh's pending cases, but it asks us to modify the order for two reasons: First, the Executive Committee is concerned that our order of April 4 creates "due process concerns"; second, the Executive Committee believes that a lengthy stay in Foryoh's suits will prejudice the defendants, who may be called on to litigate several years in the future. For his part, Foryoh contends that the City has not met the high burden of showing an

entitlement to mandamus, because the district judges might choose to ignore the Executive Committee's earlier directive in favor of the view articulated by our order of July 11. Foryoh also asks for a modification of the April 4 order to allow him to continue litigating without paying accumulated filing fees and costs.

We see no need to modify our order's main components. Foryoh has filed frivolous suits and attempted to defraud both the judiciary and his opponents. The remedy we prescribed—that Foryoh pay accumulated filing fees and costs, plus any sanctions that may have been imposed in earlier suits, as a condition of further litigation—is a modest one. We did not impose a new monetary sanction, let alone one beyond Foryoh's means. All we required is that Foryoh meet the financial obligations that he has incurred by virtue of his past litigation.

Orders of the kind we entered are consistent with the Constitution. See *In re Skupniewitz*, 73 F.3d 702 (7th Cir. 1996). Foryoh is bound *in personam* by the adverse decision in *Banas*. The due process clause entitles every litigant to a full and fair opportunity to be heard; it does not entitle anyone to be heard on the same question over and over. The law of preclusion (res judicata and collateral estoppel) rests on the proposition that once is enough. Foryoh litigated and lost in *Banas* on two questions: (a) whether he had tried to deceive the federal judiciary through misleading requests to proceed *in forma pauperis*; and (b) the consequence of that deceit. He is not entitled to continue litigating other suits without paying the filing fees and costs required by our order of April 4, 2007.

As for potential prejudice to the defendants from indefinite delay: We don't understand why delay should ensue. Foryoh must meet the normal schedule for civil litigation. If he fails to do so because his refusal to pay accumu-

lated filing fees and costs means that our order of April 4 remains in effect, then his suits must be dismissed for want of prosecution. Defendants are entitled to judgment with prejudice in their favor.

There is one respect on which our order of April 4 may be ambiguous. The reference to an application after two years means that Foryoh may ask for the order to be modified or lifted after that time even if, despite his best efforts, he has been unable to pay in full—because, for example, his mother has stopped supporting him and he has no other income. Once he has paid what he owes, however, Foryoh is entitled to have the order lifted immediately. That's how *Mack* orders are supposed to work. A *Mack* order bans litigation until whatever is due (sanctions or unpaid filing fees) has been paid; the two-year clause is designed to afford the litigant an opportunity for another look if there is a good reason—one other than obstinacy or a desire to file another frivolous suit—for nonpayment.

So the order is modified to provide that it may be lifted immediately on full payment but otherwise is reaffirmed. Given the Executive Committee's promise to follow this court's guidance, we need not issue a formal writ of mandamus.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
