NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted June 3, 2011*

Decided June 9, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| **Nos**. 10-3457, 11-1183 & 11-1469 | Appeals from the United States District Court for the Southern District of Indiana, New Albany Division. |
| SUSAN HINDS, Individually and as CEO of STRATEGIC MANAGEMENT HARMONY, LLC, *Plaintiff-Appellant*, | |
| v. | No. 4:05-cv-00180-RLY-WGH Richard L. Young, *Chief Judge*. |
| ENHANCED BUSINESS REPORTING CONSORTIUM, INCORPORATED, et al., *Defendants-Appellees*. | |

**Order**

For many years, Susan Hinds has been engaged in litigation against Grant Thornton LLP, PricewaterhouseCoopers LLP, Microsoft Corp., and the American Institute of Certified Public Accountants, Inc. She accuses these four entities of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964. According to Hinds, they were founders of Enhanced Business Reporting Consortium, Inc. (EBRC), which she alleges both hired and fired her before its incorporation. One problem with

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Hinds's suits is that Grant Thornton and EBRC's other founders never employed her, nor did any turn down her application for employment. Title VII does not authorize relief against persons and firms who create, organize, or invest in employers. See *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766 (7th Cir. 2007). See also *United States v. Bestfoods*, 524 U.S. 51 (1998). Another problem is that Hinds never filed with the EEOC a charge of discrimination against any of these entities and did not obtain from the agency a notice of her right to commence suit. There are other problems too, such as the fact that EBRC did not have the 15 employees necessary to bring it within the scope of Title VII, but they need not be discussed.

Hinds has refused to accept adverse judicial decisions. Any decision she does not like will be met with multiple motions for reconsideration reiterating arguments already found wanting. After one suit ends, Hinds commences another, as she did this past February in the Southern District of Indiana. This obstinate refusal to accept defeat is not tolerable. See *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995). A litigant who disregards instructions to desist invites an award of sanctions for frivolous litigation.

Last fall, we told Hinds that her arguments were not correct and summarily affirmed the district court's decision dismissing one of her suits. *Hinds v. Enhanced Business Reporting Consortium, Inc.*, No. 10-2098 (7th Cir. Sept. 17, 2010) (nonprecedential disposition). Since then, Hinds has filed four more appeals (Nos. 10-3457, 11-1183, 11-1469, and 11-1771) from post-judgment orders entered by the district court—orders denying motions for reconsideration, awarding costs to the defendants, and so on. In initial papers filed in the first of these appeals, Hinds repeated arguments that this court had already rejected, did not confine her attention to the subjects at hand (such as the award of costs), and attempted to make collateral attacks on decisions that the district judge had made more than 30 days before the notice of appeal was filed.

On December 15, 2010, the court entered two orders in No. 10-3457. The first of these provides, in part:

> Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment or order appealed. In this case judgment was entered on March 22, 2010, and the notice of appeal was filed on October 22, 2010, six months late. The district court has not granted an extension of the appeal period, see Rule 4(a)(5), and this court is not empowered to do so, see Fed. R. App. P. 26(b). This appeal is timely only as to the orders entered on September 23, 2010, and October 13, 2010. IT IS FURTHER ORDERED that this appeal, as LIMITED by this order, shall proceed to briefing.

The second order adds:

> [A]ppellant's stance is inconsistent with the law of preclusion, which provides

that a single round of litigation is final. Any further filings that concern the same legal injuries will lead to sanctions, whether or not the appellant offers new arguments. If the appellant fails to pay these sanctions, this court will enter an order directing the clerks of all federal courts in this circuit to return unfiled any papers submitted either directly or indirectly by or on behalf of the appellant unless and until she pays in full the sanction that has been imposed against her.

After those two orders were entered, Hinds filed three more appeals. She has filed one brief in No. 10-3457 and a second brief covering Nos. 11-1183 and 11-1469. These three appeals are ready for decision. Briefs have not been filed yet in No. 11-1771.

Hinds's briefs repeat at length her disagreement with the merits of the district court's decision, one thing we told her she must not do. She contends that new authority justifies reopening the former decisions, another line of argument we told her she must avoid. The argument in No. 10-3457 is not limited as our order says it must be. It is apparent that Hinds is either unable to follow specific instructions given her by the court, or unwilling to comply with any decision she disapproves.

The orders properly appealed in No. 10-3457 concern the denial of an untimely motion to reconsider and the award of costs to Grant Thornton. Hinds does not contend that the district court awarded any costs not authorized by 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d). Grant Thornton was a prevailing party, and the district court's award appears to be within the scope of the statute and rule. Instead of presenting any relevant arguments, Hinds contends that the judge should not have dismissed her suit, so that no costs should have been awarded. That line of argument, especially when coupled with the fact that the motion in the district court asking for reconsideration was untimely, violates this court's orders and will not be considered. (What's more, the new decisions on which Hinds relies, such as *Staub v. Proctor Hospital*, 131 S. Ct. 1186 (2011), do not concern questions such as who is an "employer" and whether non-employers can be held liable.) The orders appealed in No. 10-3457 are affirmed.

The order appealed in No. 11-1183 was entered on December 20, 2010. The district judge denied Hinds's motions to recuse and "remove" both the magistrate judge and the district judge assigned to the case. Basis for these motions was the judges' adverse decisions, which do not support recusal. See *Liteky v. United States*, 510 U.S. 540 (1994). But we cannot consider the merits of this appeal, for two reasons. First, an order denying a motion for recusal is not a "final decision" within the scope of 28 U.S.C. §1291. Such an order resolves one issue in the case, but appeal depends on a final decision. Even if the order had been "final," the appeal still would be defective, because it was filed on January 20, 2011, one day late. December has 31 days, and the statute allows only 30. This is another jurisdictional problem. *Bowles v. Russell*, 551 U.S. 205 (2007). Appeal No. 11-1183 is dismissed for want of jurisdiction.

The district court's order of January 28, 2011, the subject of appeal No. 11-1469,

awards costs and attorneys' fees to Microsoft Corp. Hinds did not oppose Microsoft's petition in the district court. She appealed nonetheless. Her brief does not contend that the district judge abused his discretion in determining the amount of the award. Instead, as with No. 10-3457, Hinds contends that the judge should have ruled in her favor rather than Microsoft's on the merits—and, if that had occurred, Microsoft would pay her costs, rather than she pay its. This line of argument violates the instructions in our second order of December 15, 2011. The order appealed from in No. 11-1469 is affirmed.

We warned Hinds what would happen if she persisted in repeating arguments already made and rejected. She chose to disregard our orders. These appeals are frivolous (or, at least, have been litigated in a frivolous manner). We give Hinds 14 days to show cause, if she has any, why she should not be ordered to pay appellees' attorneys' fees as a sanction. See Fed. R. App. P. 38. Appellees should file within the same 14 days statements of the attorneys' fees reasonably incurred in litigating these appeals.

We also today enter an order that prevents Hinds from filing any new civil suits, or any new documents in civil suits already on file, in any court of this circuit, until she has paid in full the costs and attorneys' fees awarded by the district court in this litigation. See *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). If we should direct Hinds to pay appellees' attorneys' fees, discharge of that obligation would be a further condition to resumption of filings in civil litigation. As with other *Mack* orders, this prohibition does not apply to filings in any criminal prosecution against Hinds, or any petitions for collateral review of the final judgments in criminal prosecutions.

Appellate proceedings in No. 11-1771 are stayed in light of this *Mack* order. If within 60 days Hinds does not satisfy the financial obligations at issue in Nos. 10-3457 and 11-1469, appeal No. 11-1771 will be dismissed for want of prosecution because, in light of the *Mack* order, Hinds will be unable to file a brief. See *In re Chicago*, 500 F.3d 582 (7th Cir. 2007).