NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2012[*]
Decided December 6, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2280

| | |
|---|---|
| MICHAEL YOUNG, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CV-337 |
| TERRY REBHOLTZ, et al., *Defendants-Appellees.* | Aaron E. Goodstein, *Magistrate Judge.* |

**O R D E R**

Michael Young appeals the dismissal of his suit under 42 U.S.C. § 1983, in which he alleged that prosecutors and social workers in Outagamie County, Wisconsin, illegally removed his children from his custody, sought an injunction preventing any contact with his children, and deducted money from his social security income to help pay his children's medical bills. He does not provide reasons for these actions, other than to generally allege

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

racist motives. Young consented to the jurisdiction of a magistrate judge, *see* 28 U.S.C. § 636(c); FED. R. CIV. P. 73(b), who in turn dismissed the suit under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Noting that Young had filed nearly identical suits at least twice before, both of which were dismissed, the court dismissed the present suit against five of the defendants under the doctrine of res judicata. The court found the remaining two defendants, a prosecutor and a social worker, to be protected by absolute prosecutorial immunity.

On appeal Young does not develop any legal argument challenging the district court's reasons for dismissing his lawsuit, and he asserts only generally that the court "wrongfully dismissed the case without any type of hearing at all." We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9).

We also note that the district court granted Young's request to proceed in forma pauperis but neglected to revoke that status when Young filed his notice of appeal, despite certifying that any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a). In cases like this one (unlike those governed by the Prison Litigation Reform Act), pauper status is ordinarily carried over on appeal automatically and the appellant need not make a separate request to proceed in this court without paying filing fees. Because the district court found that Young's suit was frivolous, however, it should have notified the court of appeals that his appeal was taken in bad faith and revoked his pauper status. *See* FED. R. APP. P. 24(a)(4). We warn Young that this litigation is at an end. Any future frivolous appeals will result in the imposition of sanctions and possibly the entry of a filing bar that directs the clerks of all federal courts in this circuit to return unfiled any papers submitted either directly or indirectly on Young's behalf in civil actions. *See In re City of Chicago*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam).

**DISMISSED**.