NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 21, 2014[*]
Decided May 22, 2014

## Before

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 13-3158 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| MARGARET BACH, <br>     *Plaintiff-Appellant,* | |
| *v.* | No. 13-CV-370 <br> Nancy Joseph, *Magistrate Judge.* |
| MILWAUKEE COUNTY CIRCUIT COURT, *et al.,* <br>     *Defendants-Appellees.* | |

## Order

This is the latest in a flurry of suits that Margaret Bach has filed in an effort to over-turn custody and guardianship orders that a state court entered with respect to her dis-abled, adult son Aaron. Two years ago we affirmed the dismissal of one of those suits, holding (among other things) that federal courts (other than the Supreme Court of the United States) lack the authority to override a state judge's decision in civil litigation,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

and that Margaret cannot assert Aaron's rights, because she is not his guardian. *Bach v. Milwaukee County*, No. 11-3485 (July 24, 2012) (nonprecedential decision). Notwithstanding that order, Margaret attempts in this suit to have a federal court supersede the state court's decisions; she also attempts to litigate on Aaron's behalf. We have removed him from the list of parties for the reasons covered in our 2012 order. The remainder of Margaret's arguments are equally unavailing.

She asked the district court to annul a state-court order appointing Life Navigators as Aaron's guardian, repeal visitation guidelines implemented by Life Navigators, order that she be allowed regular visits with Aaron, and award her money damages to be paid by Milwaukee County, the state-court judge, Aaron's guardian *ad litem*, and Life Navigators for infliction of emotional distress brought about by the restrictions on her interactions with her son. She also sought relief from a state-court injunction that prohibits her from filing lawsuits on Aaron's behalf; picketing in the vicinity of Aaron's residence, health care providers, or legal representatives; or communicating with Aaron's physicians. A magistrate judge, proceeding with the parties' consent, see 28 U.S.C. §636(c), denied Margaret's motion to proceed *in forma pauperis*, concluding that she is not indigent and that in any event she is not authorized to act as Aaron's lawyer. The magistrate judge also explained to Margaret that the relief she sought is "not within the purview of th[e] Court" and that several of the defendants against whom she made claims—including Milwaukee County, the state-court judge, and Aaron's guardian a*d litem*—are immune from liability. The magistrate judge gave Margaret leave to amend her complaint with regard to her claim that the visitation guidelines and the state-court injunction violated the First Amendment.

Margaret amended her complaint to add 17 new defendants. The revised complaint includes claims on Aaron's behalf (including challenges to the visitation guidelines and the state-court's injunction order) plus new allegations relating to "federal violations since the previous complaint filing." These recent federal violations, Margaret asserted, occurred when Milwaukee police officer Jullian Goggans misunderstood the state court's injunction and told her to leave a public park near Aaron's group home.

The magistrate judge granted the defendants' motion to dismiss Margaret's complaint for lack of subject-matter jurisdiction. The magistrate judge reiterated that she could not unset the state court's rulings (this is one effect of the *Rooker-Feldman* doctrine, which our 2012 order discusses) and that Margaret could not file lawsuits on Aaron's behalf. The judge dismissed the First Amendment allegations because the amended complaint failed to say how any of the defendants violated Margaret's rights; most of the allegations assailed the defendants merely for being present at the state court hearing at which the injunction was signed. The magistrate judge further concluded that the

Milwaukee County Circuit Court, as an arm of the state, is not an entity that can be sued (states are not "persons" for the purpose of 42 U.S.C. §1983, see *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989)), and that state trial judge Jane Carroll is entitled to absolute judicial immunity for issuing the guardianship orders. In addition, Elizabeth Ruthmansdorfer, the guardian *ad litem*, is not a state actor subject to §1983.

Regarding Milwaukee County, the magistrate judge determined that Margaret's allegations pertained to Aaron's care, guardianship, and placement—matters that cannot be challenged in federal court. The magistrate judge added that neither the Milwaukee County Mental Health Complex nor the Police Department could be sued separately from Milwaukee County. The judge also found that Margaret's claims against the agency Disability Rights Wisconsin, Inc., did not identify any concrete legal claim for relief, and that the complaint did not allege how the actions of one of Aaron's doctors, Gary Stark, deprived her of constitutional rights. Regarding Life Navigators, the magistrate judge reiterated that Margaret's allegations concerning the visitation guidelines failed to state a plausible claim for relief. Finally, with regard to Officer Goggans, the magistrate judge concluded that Margaret failed to state a claim (1) that she had been seized for Fourth Amendment purposes or (2) that she had been treated differently from similarly situated individuals for purposes of a "class of one" claim under the Equal Protection Clause.

In this court, Margaret insists that Aaron is a plaintiff. She also continues to dispute the appointment of Life Navigators as his guardian and to seek relief from the state court's injunction. Our decision in 2012 covered this ground. Even if our analysis were problematic (and Margaret does not make a serious attempt to undermine it), it would continue to control under doctrines of issue and claim preclusion.

Margaret's allegations concerning Officer Goggans are outside the scope of our 2012 decision. She maintains that she was seized in a public park because she believed that Goggans would have used force to arrest her if she failed to leave. But, as the magistrate judge concluded, Margaret's own allegations show that Goggans required her only to leave the park; he did not try to take her into custody, handcuff her, or apply physical force. A reasonable person therefore would have felt free to leave, as Margaret herself did. See, e.g., *Hamilton v. Oak Lawn*, 735 F.3d 967, 971–72 (7th Cir. 2013) (woman not seized when ordered to leave home because officers did not threaten, grab, or touch her); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 200 (7th Cir. 1985) (man not seized when detective was verbally abusive and threatened him with arrest warrant over phone because he was not physically confronted and could easily terminate encounter); *James v. Wilkes-Barre*, 700 F.3d 675, 682 (3d Cir. 2012) (woman not seized when police orders were unaccompanied by physical touch or showing of weapons).

Margaret contests the district court's conclusion that she did not state a "class of one" claim; she maintains that Goggans treated her differently from the park's other visitors. But Margaret does not allege that there were other similarly situated persons in the park (*i.e.*, other women subject to restraining orders) or that she was treated differently for no rational reason.

As for the First Amendment: her assertion that the state-court judge, attorneys, and guardians violated her "right to free speech, privacy [and] freedom of association" by "supporting" the court's visitation guidelines is too vague to give notice to the defendants about the nature of her First Amendment claim. People are entitled to make arguments to state judges, and the fact that the state judge accepts an argument and enters relief does not convert the argument (or implementation of the resulting order) into a violation of the Constitution. See *BE&K Construction Co. v. NLRB*, 536 U.S. 516 (2002).

Margaret has abused the judicial process by filing multiple frivolous suits, many of which, like this one, could not succeed unless the court were prepared to ignore the outcome of her earlier suits. Many of these suits name judges and courts as parties, despite their absolute immunity. We collect her other suits in a footnote.† Margaret is a lawyer, but her litigation reflects refusal to recognize that established law, such as judicial immunity, the limits of federal jurisdiction under the *Rooker-Feldman* doctrine, and the doctrines of preclusion, apply to her. The current suit defies an injunction, issued by a state judge, forbidding Margaret from attempting to litigate on Aaron's behalf.

Refusal to take no for an answer, and a campaign of unending litigation, are intolerable and sanctionable. See, e.g., *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995). We

---

† In addition to the suit we resolved in 2012, Margaret has filed at least three civil actions in state court concerning Aaron's guardianship. See *Bach v. Labor and Industry Review Commission*, No. 2013CV2071 (Wis. Cir. Ct. 2013); *Bach v. Milwaukee County*, No. 2010CV21369 (Wis. Cir. Ct. 2012); *Bach v. Milwaukee County*, No. 2009CV16167 (Wis. Cir. Ct. Nov. 11, 2011). She has also filed fourteen appeals in the Wisconsin Court of Appeals and Supreme Court pertaining to Aaron's placement and guardianship. See *Bach v. Life Navigators, Inc.*, No. 2013AP1758 (Wis. Ct. App.) (under advisement); *Bach v. Court of Appeals, District I*, No. 2013AP115 (Wis. 2013); *Margaret B. v. Circuit Court of Milwaukee County*, No. 2013AP4 (Wis. 2013); *Margaret B. v. County of Milwaukee*, No. 2012XX1059 (Wis. Ct. App. Dist. 1) (case ongoing); *Margaret B. v. Carroll*, No. 2012AP1883 (Wis. Ct. App. 2012); *Margaret B. v. County of Milwaukee*, No. 2012AP1176 (Wis. Ct. App. 2013); *Aaron B. v. Circuit Court for Milwaukee County*, No. 2012AP146 (Wis. 2012); *Aaron B. v. County of Milwaukee*, No. 2011AP2287 (Wis. Ct. App. 2012); *Margaret B. v. Milwaukee County*, No. 2011AP2104 (Wis. Ct. App. 2011); *Margaret B. v. Milwaukee County*, No. 2010AP1588 (Wis. Ct. App. 2011); *Aaron B. v. Circuit Court for Milwaukee County*, 2010AP1352 (Wis. June 10, 2010); *Margaret B. v. Milwaukee County*, 2009AP2450 (Wis. Ct. App. 2011); *Aaron B. v. Circuit Court for Milwaukee County*, 2009AP2180 (Wis. 2009); *Margaret B. v. Milwaukee County*, No. 2008AP2653 (Wis. Ct. App. 2009).

give Margaret 14 days to show cause why the court should not impose sanctions under Fed. R. Civ. P. 38 for a frivolous appeal. Margaret must understand that, if the court awards financial sanctions, she must pay promptly or be subject to a preclusion order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). See also, e.g., *In re Chicago*, 500 F.3d 582 (7th Cir. 2007).

AFFIRMED; ORDER TO SHOW CAUSE ISSUED