NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 6, 2015[*]
Decided November 13, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3655

| | |
|---|---|
| CAROL S. BUTCHER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 7476 |
| SOUTH SHORE HOSPITAL, et al., | |
| *Defendants-Appellees*. | John W. Darrah, *Judge*. |

**O R D E R**

Carol Butcher appeals the dismissal of her complaint alleging injuries in connection with her daughter's stay at South Shore Hospital in Chicago. The district court dismissed the complaint for lack of subject-matter jurisdiction and we affirm.

In October 2013 Butcher brought this suit ostensibly on behalf of herself and her daughter against South Shore and its employees for harm that occurred during her

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

daughter's stay in the hospital's intensive care unit. The complaint and accompanying emergency motion alleged that South Shore employees intentionally harmed and mistreated her daughter while in intensive care, and barred Butcher from visiting her daughter at the hospital. Judge John Lee, the acting emergency judge, dismissed the complaint for lack of subject-matter jurisdiction, denied the emergency motion, but granted Butcher leave to file an amended complaint setting forth the basis for federal jurisdiction.

Eight months later, Butcher filed another emergency motion, which Judge Andrea Wood, the acting emergency judge, denied while noting "skepticism" that Butcher's claim presented any basis for subject-matter jurisdiction. Butcher then amended her complaint and filed a third emergency motion, adding additional defendants and invoking 42 U.S.C. § 1983 as the basis for federal jurisdiction, but restating substantially the same allegations. Judge John Darrah granted the defendants' unopposed motion to dismiss for lack of subject-matter jurisdiction, finding that Butcher failed to allege facts to state a plausible claim under § 1983 or any federal law, or to allege facts to support diversity jurisdiction. He granted Butcher leave to amend within 30 days, and then entered a final dismissal after that time period lapsed. Butcher filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b), which the district court denied.

On appeal Butcher[1] only generally challenges the district court's rulings, as she continues to express dissatisfaction with her daughter's medical care and the denial of her visitation rights. Notwithstanding her reference to § 1983, Butcher cannot plausibly state any claim under the Constitution or federal law because "conduct which merely engenders common law tort liability, without infringing on constitutionally protected interests, is not a sufficient basis to support a cause of action under Section 1983." *See Cameo Convalescent Ctr., Inc. v. Senn*, 738 F.2d 836, 845 (7th Cir. 1984) (internal quotation omitted). Furthermore, as a private actor not acting under color of state law, South Shore is not liable under § 1983, *see Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). Her complaint is therefore insufficient to establish any basis for federal-question jurisdiction.

We note also that the district court certified that this appeal was taken in bad faith when it denied her motion for leave to appeal in forma pauperis. Butcher is warned that

---

[1] In May 2015, we granted the request of Butcher's daughter to be removed from this appeal.

further pursuit of this frivolous litigation will result in sanctions. *See In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

                                                                                AFFIRMED.