NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2016[*]
Decided March 10, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-1025

| | |
|---|---|
| MARLON THOMAS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois. |
| | |
| *v.* | 15 C 10812 |
| | |
| WGN NEWS, | Amy J. St. Eve, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Marlon Thomas sued WGN News, using a form complaint for violations of constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986. He alleged vaguely that on

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

October 23, 1986, WGN used his likeness to attract viewers and to advertise its business and sought $7 million in damages. The district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2)(B), and dismissed it for lack of subject matter jurisdiction. Because both Thomas and WGN News are citizens of Illinois, there was no diversity jurisdiction, *see* 28 U.S.C. § 1332, and his complaint reveals no possible non-frivolous federal question, *see* 18 U.S.C. § 1331.

On appeal Thomas generally disputes the dismissal of his complaint. His claim, however, appears to be grounded in tort, involving a right to publicity or possibly libel, and such claims arise under state law and must be brought in state court.

This is not the first time Thomas has sued news agencies (including WGN News) for covering him in their news broadcasts. An earlier suit was dismissed for want of jurisdiction, *Thomas v. WGN News*, No. 05-C-5280 (N.D. Ill. dismissed Sept. 23, 2005), and his subsequent, persistent filings prompted the Executive Committee of the United States District Court of the Northern District of Illinois to impose restrictions on his ability to file further suits. *See In Re: Marlon Thomas*, 08 C 3499 (N.D. Ill. June 23, 2008). Thomas nonetheless has continued to file complaints, most of which have been barred under the Executive Committee's order, though in 2012, Thomas did manage to file yet another complaint against several news agencies, that was dismissed as "clearly frivolous." *See Thomas v. ABC News*, No. 12 C 10165 (N.D. Ill. Dec. 28, 2012). We summarily affirmed. *See Thomas v. ABC News*, No. 13-1173 (7th Cir. aff'd April 19, 2013).

Thomas is ordered to show cause why he should not be sanctioned for pursuing this frivolous appeal. *See* FED. R. APP. P. 38; *In re City of Chicago*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995). His response is due within 14 days from the date of this decision.

AFFIRMED.