**Ricardo GLOVER, Plaintiff–Appellant,**

v.

**Jonathon DICKEY, Defendant–Appellee.**

No. 15–3145

United States Court of Appeals, Seventh Circuit.

Submitted July 22, 2016 *

Decided August 17, 2016

Rehearing Denied September 13, 2016

Ricardo Glover, Pro Se.

Thomas C. Bellavia, Attorney, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendant–Appellee.

Before DIANE P. WOOD, Chief Judge, ILANA DIAMOND ROVNER, Circuit Judge, DAVID F. HAMILTON, Circuit Judge

**ORDER**

Ricardo Glover, a Wisconsin inmate housed at Oshkosh Correctional Institution, filed a suit under 42 U.S.C. § 1983 claiming that Jonathan Dickey, a facility psychologist, denied him equal protection by refusing him a spot in a treatment program for sex offenders. Glover, describing himself as a "class of one," alleges that Dickey's decision lacked a rational basis. The district court allowed this claim to proceed through discovery before dismissing it on Dickey's motion for summary judgment. We affirm the dismissal.

Glover has an extensive litigation history relating to his state convictions. In 1990 he entered guilty pleas to first-degree sexual assault and false imprisonment, WIS. STAT. §§ 940,225(1), 940.30, and a plea of no contest to attempted first-degree intentional homicide, *id.* §§ 940.01, 939.32. He was sentenced to 45 years' imprisonment. In 1997 we affirmed the denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. *Glover v. McCaughtry,* 132 F.3d 36 (7th Cir. 1997) (unpublished disposition). Since then Glover has tried to attack his convictions collaterally at least nine times. *See Glover v. McCaughtry,* No. 01–1312 (7th Cir. May 7, 2001) (summarily affirming dismissal, for lack of jurisdiction, of Glover's second § 2254 petition); *Glover v. McCaughtry,* No. 01–1924 (7th Cir. May 7, 2001) (dismissing without prejudice Glover's first application under 28 U.S.C. § 2244(b) for leave to file successive § 2254 petition); *Glover v. Litscher,* No. 01–2492 (7th Cir. Feb. 8, 2002) (denying application for certificate of appealability from denial of third § 2254 petition); *Glover v. Litscher,* No. 01–2886 (7th Cir. July 30, 2001) (denying application under § 2244(b) to file successive § 2254 petition); *Glover v. McCaughtry,* No. 01–3664 (7th Cir. Oct. 30, 2001) (denying § 2244(b) application for second time); *Glover v. Smith,* No. 07–2523 (7th Cir. Oct. 22, 2007) (denying application for certificate of appealability from order refusing to reconsider denial of initial § 2254 petition). Glover's attacks primarily involve contentions that he is innocent and that the state court

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

lacked "subject-matter jurisdiction" over his criminal case.

In 2009, after Glover again had applied to this court under § 2244(b) for leave to file a successive § 2254 petition, we warned him that further efforts to overturn his state convictions would invite sanctions. *In re Glover*, No. 09–1545 (7th Cir. Mar. 23, 2009) (construing "petition for writ of mandamus" as application to file successive § 2254 petition). Glover then filed a petition for a writ of certiorari, and the Supreme Court dismissed that petition with the explanation that Glover had "repeatedly abused" the judicial process and barred him from filing "any further petitions in noncriminal matters" in that Court without prepaying the docketing fee. *Glover v. Thurmer*, 558 U.S. 806, 130 S.Ct. 256, 175 L.Ed.2d 10 (2009). Undeterred, Glover moved to recall the mandate from our 1997 affirmance of the denial of his petition for a writ of habeas corpus. We fined Glover $100 for filing that frivolous submission and imposed a filing bar until the fine was paid. *Glover v. Smith*, No. 95–2304 (7th Cir. Dec. 12, 2011). Glover paid the fine eight months later and promptly filed another application under § 2244(b). *Glover v. Smith*, No. 12–3450 (7th Cir. Oct. 25, 2012) (denying application for certificate of appealability).

Now in this civil-rights action, Glover asserts that Dickey violated his right to equal protection under the Fourteenth Amendment by refusing, without a rational reason, to enroll him in a treatment program for sex offenders. Glover attached to his complaint a letter that he wrote to Dickey requesting placement in the program. He also attached a packet of information that he had sent to Dickey about his criminal case. That packet contains trial transcripts, victim statements, and other evidentiary materials which, Glover asserts, demonstrate that he's innocent of all

charges. Dickey's response to Glover's letter, which also is attached to the complaint, explains that inmates who are closest to completing their sentences are given priority for placement in the program and that Glover's scheduled release in 2019 was too far away. In his letter Dickey added that he also takes into consideration whether the inmate had received the state Parole Commission's endorsement to participate in the program. Glover had gotten the Commission's endorsement in 2000, but Dickey explained in his letter that he would prefer to have a recent endorsement, along with a statement from Glover saying that he no longer disputed his conviction for sexual assault. This exchange of letters, Glover asserts in his complaint, proves that Dickey singled him out for unfavorable treatment.

The district court screened Glover's complaint, *see* 28 U.S.C. § 1915A, and allowed him to proceed on a "class of one" equal-protection claim. As soon as he got past screening, however, Glover immediately filed a motion asking the court to independently evaluate the lawfulness of his custody. Glover's motion repeats the same contention about the Wisconsin trial court lacking subject-matter jurisdiction. The district court denied this motion and, after discovery, granted summary judgment for Dickey. A jury could not reasonably find that Dickey had run afoul of the Equal Protection Clause, the court reasoned, because placement in the treatment program is discretionary and Dickey had legitimate reasons to deny Glover a spot.

On appeal Glover challenges the grant of summary judgment for Dickey and also several of the district court's rulings on evidentiary and other matters. To the extent that Dickey challenges the district court's denial of his motion related to his underlying state convictions, Glover cannot use § 1983 as a means of challenging his

convictions. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006).

Moreover, we agree with the district court that Dickey is entitled to judgment in his favor. "A class-of-one plaintiff must plead and prove that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685–86 (7th Cir. 2013) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008)); *see Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). If the government official provides a rational basis for the challenged action "that will be the end of the matter—animus or no." *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014); *see Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015). Here, Dickey has provided rational reasons for his decision not to admit Glover into the sex-offender treatment program. Preference for placement in the program went to inmates with impending release dates, and Glover was too far away from his mandatory release date—over seven years—to be considered for a spot in the program. He also lacked a recent endorsement from the Parole Commission, which suggests that an earlier release on parole was not anticipated.

We have reviewed the remainder of Glover's arguments and none has merit. The judgment of the district court is AFFIRMED. We warn Glover that using civil-rights actions as a vehicle to bypass our previous denials of his post-conviction petitions will result in sanctions. *In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007), and *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995).