**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2016[*]
Decided September 19, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-2853

| | |
|---|---|
| MARK ALAN LANE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for Southern District of Indiana, |
| | Evansville Division. |
| *v.* | |
| | No. 3:16-cv-00045-JMS-MPB |
| DAN MURRIE, | |
| *Defendant-Appellee.* | Jane E. Magnus-Stinson, |
| | *Judge.* |

**O R D E R**

Mark Lane, who is serving a 30-year prison sentence for federal drug crimes, brought this action under 42 U.S.C. § 1983 against Dan Murrie, a state prosecutor. Lane contends that Murrie violated due process by failing to return property seized during a search of his home nearly 15 years ago, in 2001. According to Lane, the state failed to return to him items not subject to forfeiture, even after the federal and state forfeiture proceedings ended in 2003. The district court dismissed Lane's complaint at screening,

---

[*] We have unanimously agreed to decide the case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

*see* 28 U.S.C. § 1915A. It reasoned that Murrie is entitled to prosecutorial immunity, that Lane's complaint was untimely by roughly 13 years, and that the claim was precluded anyway because Lane had brought and lost the same claim in state court.

The district court correctly concluded that Lane's suit is time-barred by more than a decade. Lane had two years from the time his claim accrued to file his § 1983 claim, *see* IND. CODE § 34-11-2-4; *Devbrow v. Kalu*, 705 F.3d 765, 767–68 (7th Cir. 2013). Accrual occurs when a plaintiff knows or should know of the alleged injury and possibility for relief. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Devbrow*, 705 F.3d at 767; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). For Lane, his claim accrued in 2003 when, he tells us, he knew that the state court had dismissed its forfeiture proceedings (the federal forfeiture action already having ended) but did not return his allegedly withheld property.

Lane couldn't have been surprised by this ground for dismissal. An Indiana state court dismissed the same claim as untimely in 2014. Under 28 U.S.C. § 1738, that dismissal precludes relitigation of Lane's claim about the allegedly withheld property as well as any contention about the issue of the claim's untimeliness. *See Starzenski v. City of Elkhart*, 87 F.3d 872, 876–78 (7th Cir. 1996) (applying Indiana law of claim and issue preclusion to bar relitigation of already adjudicated claims and issues concerning plaintiff's property). The district court thus properly dismissed this case.

Lane is directed to show cause, within 14 days, why he should not be fined $500 as sanction for filing a frivolous appeal, the nonpayment of which will result in an order barring him from filing further suits within the circuit. *See In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED.