**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 30, 2020[*]
Decided May 15, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2618

| | |
|---|---|
| ANTHONY C. MARTIN,<br>    *Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Southern District<br>of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cv-00992-JRS-DML |
| LARRY FOWLER, *et al.*,<br>    *Defendants-Appellees*. | James R. Sweeney II,<br>*Judge* |

**O R D E R**

Anthony Martin appeals the district court's dismissal of his prisoner's-rights suit and its imposition of a filing bar as sanctions for making a false statement on his request to recruit counsel. We affirm the district court's imposition of these sanctions.

Martin has an extensive litigation history. Since 2000, he has filed more than 40 civil cases, 15 of them in the Southern District of Indiana in just the past three years. In

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

some cases, Martin has been sanctioned for dishonesty. In 2009, two of his cases were dismissed in the Northern District of Indiana as a sanction for making false statements about his finances, resulting in a two-year filing restriction without full payment of filing fees. *See Martin v. Fort Wayne Police Dep't*, No. 1:09-CV-154 (N.D. Ind. June 17, 2009); *Martin v. York*, No. 1:09-CV-332 (N.D. Ind. Dec. 21, 2009). More recently, Judge Sweeney, in the Southern District of Indiana, dismissed another of Martin's cases at screening, finding his complaint factually frivolous because of false allegations that interference from prison officials had caused him to miss important court deadlines. *See Martin v. Zatecky*, No. 1:18-cv-02443-JRS-MPB (S.D. Ind. Oct. 9, 2018). The judge warned Martin that "if he makes another false statement in this Court," the court would sanction him by directing the clerk "to refuse to file any papers … in any civil case," in accord with *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

Martin brought this case in March 2018 against officers at the Pendleton Correctional Facility. The district court granted his request to proceed in forma pauperis but dismissed his first few complaints at screening, with leave to amend. *See* 28 U.S.C. § 1915A(b). The court allowed Martin to proceed with his fourth amended complaint on claims asserting First Amendment retaliation and denial of access to the courts.

Six months into discovery, Martin sought the court's assistance with recruiting counsel. On a court-provided form asking him to list any other cases he had filed without counsel (and whether, in any of those cases, the court had recruited counsel), Martin replied "N/A." The bottom of the form contained a specific acknowledgment that any false answers could subject the applicant to sanctions, including dismissal of the case. Martin signed the form under penalty of perjury. A month and a half after seeking counsel, Martin moved to supplement his filings, listing new grievances against prison employees.

A week later, the court exercised its inherent authority to sanction Martin for making a false statement to the court, finding that Martin's "N/A" response about his litigation history was "false and intended to deceive." As sanctions, the court dismissed Martin's case with prejudice, ordered him to pay nearly $5,000 in outstanding fees he owed to the court, and barred him from making further civil filings until he paid his outstanding fees. The filing bar did not cover appeals or habeas cases, and Martin was permitted to seek modification or rescission after two years.

In imposing these sanctions, the court considered Martin's extensive litigation history, including past sanctions, and determined that his "N/A" response was another

intentionally false statement. The court interpreted "N/A" to mean "not applicable," and thus concluded that Martin had answered under the "pretense that he does not have significant prior litigation experience." The court also observed that Martin had made the same response on a pending motion for counsel in another case that he filed the same day. *See Martin v. Davis*, No. 1:18-cv-1794-RLY-DML (S.D. Ind. June 19, 2019). Judges need litigants to respond to these questions truthfully, the court emphasized, so that they can "fairly determine which of the hundreds of litigants seeking counsel each year should receive it." The court considered lesser sanctions but concluded that they would not suffice given Martin's "sustained pattern of dishonesty," the ineffectiveness of past sanctions, and his in forma pauperis status.

On appeal, Martin argues that the district court misconstrued his intent when he wrote "N/A" to describe his litigation history. He intended for the term, he says, to mean "not available" rather than "not applicable." He asserts that "not available" was the only response he could provide in good faith because all of his legal materials were confiscated and he could not recall his entire litigation history from memory. Martin further argues that the court should not have imposed sanctions without holding a show-cause hearing, at which he could have provided this explanation.

Even if the district court erred by not allowing Martin an opportunity to present his explanation before imposing sanctions, *see Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005), any error was harmless because the court reasonably construed Martin's response as intentionally deceptive. We review the district court's finding that Martin tried to mislead the court for clear error. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002). When a party fails to disclose litigation history, a court may permissibly find an intent to defraud the court if the omission was "both material and intentional." *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011). Such was the case here. Even if we accept Martin's explanation of N/A, the district court reasonably could have concluded that his response was "intended to deceive," given his extensive experience with civil litigation, history of incurring sanctions, the court's recent experiences with him (including its warning the year before and encountering the identical N/A response on another request for counsel form Martin had filed in a different case on the same day), and the implausibility of his rationale that "N/A" meant not available.

Martin also asserts that the court's unduly harsh choice of sanctions was a miscarriage of justice and an abuse of discretion. Specifically, he challenges the filing bar as excessive because it caused his concurrent litigation to be dismissed and

effectively bars him from pursuing further litigation because he cannot afford to pay nearly $5,000 in outstanding fees.

The district court acted within its discretion to impose both sanctions. Dismissal with prejudice is an appropriate sanction for misleading the court in an attempt to receive a benefit—here, the appointment of counsel. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *Hoskins*, 633 F.3d at 543–44. The court also acted within its discretion to impose a filing bar, given Martin's history with sanctions and the court's explicit warning that further false statements would lead to a *Mack* bar. *See Mack*, 45 F.3d at 186. The court properly considered lesser sanctions but concluded that neither dismissal of suits nor monetary penalties had been effective in the past, and monetary sanctions would serve no purpose given Martin's in forma pauperis status. As for the terms of the filing bar, the court appropriately premised them on payment of outstanding filing fees, *see In re City of Chicago*, 500 F.3d 582, 585 (7th Cir. 2007), and it still allowed Martin to file notices of appeal and habeas corpus cases. The restriction also may be lifted if Martin pays his fees, and even if he does not, he may seek modification or rescission after two years. Moreover, that several of Martin's pending cases were dismissed as a result of the filing bar does not make it improper. *See id.*

Finally, Martin argues that the district judge exhibited bias by referencing prior cases that also had been dismissed as a sanction for false statements when dismissing his case here. But a finding of bias cannot be supported merely by an adverse ruling, s*ee Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015), or a reference to past litigation conduct. *See In re City of Milwaukee*, 788 F.3d 717, 722 (7th Cir. 2015).

AFFIRMED