NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2021[*]
Decided January 21, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-1435

| | |
|---|---|
| WILSON EGWUENU,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-03661-SEB-TAB |
| CHARLES SCHWAB & CO., et al.,<br>    *Defendants-Appellees*. | Sarah Evans Barker,<br>*Judge*. |

**O R D E R**

Wilson Egwuenu appeals the dismissal of his suit accusing Charles Schwab & Co., and others, of a two-decades-long conspiracy to persecute him. The district court ruled that Egwuenu's allegations, like those he raised in several other unsuccessful suits, were factually implausible. In dismissing the suit with prejudice, it warned him that it would sanction his next frivolous filing. We affirm and impose our own sanction.

We begin by clarifying whom Egwuenu has sued. He has named as defendants Schwab, St. Vincent Hospital and Health Care Center, Inc., and former Postmaster

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

General Megan J. Brennan (whom Egwuenu sues in both her personal and official capacities). Egwuenu alleges that ever since a used-car dealer defrauded him in Texas 20 years ago, these defendants and others have harassed and intimidated him to prevent him from collecting on a state-court judgment. He accuses them of conspiring, since the 1990s, to stalk him, to hack into his bank account, to tap his cell phone, to prevent him from using the public library, to sabotage his college applications, and to kill judges. The defendants moved to dismiss for failure to state a plausible claim. The district court granted the motion and dismissed Egwuenu's suit with prejudice under Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

On appeal, Egwuenu argues that the court should have construed his complaint liberally given his pro se status or recruited counsel for him. But under a de novo and liberal construction, *see Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513 (7th Cir. 2020), the dismissal was proper. Rule 8(a) requires a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and conspiracy allegations are held to a "high standard of plausibility," *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Egwuenu narrates his grievances at great length but his prolixity does not create plausibility consistent with "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). An agreement among scores of unconnected people, across multiple industries, to commit dozens of financial, telecommunications, and violent crimes, that lasts over 20 years but is detected by no one (except Egwuenu) is not plausible. His pro se status does not cure this fatal defect because "pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Finally, the implausibility of his complaint, combined with the absence of any contention that he is impoverished or has tried unsuccessfully to secure counsel on his own also justified the district court's decision to decline to recruit counsel for Egwuenu. *See Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (en banc).

Although a pro se litigant may ordinarily receive one chance to amend a defective complaint before dismissal with prejudice, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013), dismissal with prejudice, without leave to amend, was justified here. Egwuenu has already had many chances to plead a plausible complaint. He has filed at least ten suits based on similar allegations against one or more members of the same vast, persistent conspiracy. None has been successful, and several were dismissed with prejudice, including one that resulted in an adverse summary affirmance by us. Here is a snapshot of his history:

- *Egwuenu v. Gramercy Ins. Co., et al.*, No. 4:03-cv-00576-A (N.D. Tex. 2003) (dismissal for failure to prosecute Egwuenu's complaint alleging conspiracy to prevent him from collecting on state-court judgment)

- *Egwuenu v. Ette, et al.*, No. 3:03-cv-2647-L (N.D. Tex. 2004) (dismissal of refiled complaint from 4:03-cv-00576-A as blocked by *Rooker-Feldman* doctrine).

- *Egwuenu v. Fitzgerald, et al*, No. 07 C 7158 (N.D. Ill. 2008) (dismissal of complaint seeking to compel criminal prosecutions against those conspiring against him).

- *Egwuenu v. Mueller, et al.*, No. 1:09-cv-1026-WTL-TAB (S.D. Ind. 2009) (dismissal, after two chances to cure facially implausible allegations, of suit alleging conspiracy of government officials, postmaster general, and private entities to prevent Egwuenu from collecting on state-court judgment); *summarily aff'd sub nom., Egwuenu v. Bettinger, et al.*, No. 10-1553 (7th Cir. 2010).

- *Egwuenu v. Defur, et al.*, No. 1:10-cv-1462-TWP-TAB (S.D. Ind. 2010) (dismissal of complaint without prejudice (for failure to prosecute) alleging similar conspiracy against Charles Schwab, St. Vincent Hospital, and Postmaster General).

- *Egwuenu v. Potter, et al.*, No. 1:11-cv-1395-WTL-DML (S.D. Ind. 2012) (Rule 8(a) dismissal with prejudice as facially implausible after multiple chances to cure defects of re-filed complaint from 1:10-cv-1462-TWP-TAB ).

- *Egwuenu v. Napolitano*, No. 12 CV 1810 (RLW) (D.D.C. 2012) (Rule 8(a) dismissal with prejudice as unintelligible of complaint similar to, and involving parties in 1:11-cv-1395-WTL-DML, including Charles Schwab, St. Vincent Hospital, and Postmaster General).

- *Egwuenu v. Doe*, No. 4:15-cv-455 (S.D. Iowa 2015) (dismissal of complaint accusing Charles Schwab and Postmaster General of wrongdoing as implausible).

- *Egwuenu v. Brennan, et al.*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. 2018) (dismissal with prejudice, after chance to cure defects in implausibility and unintelligibility, of similar conspiracy allegations against Postmaster General, St. Vincent Hospital, and Charles Schwab).

- *Egwuenu v. Brennan, et al.*, No. 1:19-cv-03661-SEB-TAB (S.D. Ind. 2020) (Rule 12(b)(6) and 8(a) dismissal with prejudice of complaint alleging conspiracy by Postal Service, St. Vincent Hospital, and Charles Schwab, now on appeal in No. 20–1435 (7th. Cir.)).

"[T]he judicial system cannot tolerate litigants who refuse to accept adverse decisions." *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995). We order Egwuenu to show cause within 14 days why this court should not sanction him $1,500 for filing a frivolous appeal, the nonpayment of which will result in this court directing the clerks of all federal courts in this circuit to return unfiled any papers submitted by him or on his behalf unless and until he pays the sanction in full. *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *see also In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007).

AFFIRMED